IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3102-FL

DAMEION CLEGG,

    Plaintiff,

v.

CORRECTIONS OFFICER SPELLER, et al.,

    Defendants.

ORDER

This matter comes before the court on the motion for summary judgment (DE # 17) filed by defendants Juane Speller, Gwendolyn Brooks, Tawana Williams, and Joey T. Boyd. Plaintiff did not file a response to defendants' motion and the matter is ripe for adjudication. For the reasons that follow, defendants' motion is denied without prejudice.

## BACKGROUND

On June 4, 2009, plaintiff filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against defendants alleging excessive force in violation of the Eighth Amendment to the Constitution. Plaintiff filed an amended complaint on June 24, 2009. Plaintiff's allegations arise of out events that occurred while he was incarcerated at Polk Correctional Institution (hereinafter "Polk") in Polk County, North Carolina. Plaintiff alleges that on April 18, 2009, he was verbally and physically assaulted by defendants. He claims that defendants used fists and sticks to assault him while he was in full restraints and that he suffered pain and stress as a result.

On October 15, 2009, this court conducted a frivolity determination and dismissed plaintiff's claims against defendant Polk Youth Center. The court allowed plaintiff's claims against the

remaining defendants to proceed. The same day North Carolina Prisoner Legal Services ("NCPLS") was requested to investigate plaintiff's claims. After conducting an investigation, NCPLS determined that appointment of counsel for plaintiff was not required.

Defendants filed answer to plaintiff's complaint on February 5, 2010, and moved for summary judgment on February 18, 2010. In their summary judgment motion, defendants argue that plaintiff's injury was *de minimis* and they attach an affidavit and medical records in support. Plaintiff did not file a response to defendants' motion. On March 10, 2010, defendants filed a notice of subsequently decided controlling authority.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Defendants' motion for summary judgment is premised on the argument that plaintiff cannot state a constitutional violation because the injuries he allegedly suffered were *de minimis*. In making

2

this argument, defendants relied on the Fourth Circuit's holding in Carr v. Deeds, 453 F.3d 593, 605 (4th Cir. 2006), which held that to prevail on an Eighth Amendment claim a plaintiff must demonstrate that the injuries he suffered were more than *de minimis*. See also Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (holding that "[a]bsent the most extraordinary circumstance" an individual who suffers only *de minimis* injuries cannot prevail on an Eighth Amendment excessive force claim).

After the filing of the summary judgment motion in this case, the United States Supreme Court explicitly abrogated the Fourth Circuit's *de minimis* injury rule, holding that the "core judicial inquiry" in an excessive force claim by a prisoner was "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. __, 130 S.Ct. 1175, 1178 (2010). While the seriousness of the injury is not irrelevant to the court's analysis, where defendants' motion relies solely on the nature of plaintiff's injury and fails to analyze whether the force was applied in a good-faith effort to maintain or restore discipline, the motion has not provided a basis for this court to grant summary judgment for them. Accordingly, their motion is DENIED without prejudice.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (DE # 17) is DENIED without prejudice to renewal in light of Wilkins.

SO ORDERED, this the 10th day of June 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

3

Case 5:09-ct-03102-FL   Document 22   Filed 06/11/10   Page 3 of 3